IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL A. KLEAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Judge Ronald A. Guzmán |
| v. | ) | |
| | ) | |
| THE BOARD OF EDUCATION OF | ) | 08 C 6233 |
| PROVISO TOWNSHIP SCHOOL | ) | |
| DISTRICT NUMBER 209, and | ) | |
| PROVISO TOWNSHIP SCHOOL | ) | |
| DISTRICT NUMBER 209, and | ) | |
| EMMANUEL CHRISTOPHER | ) | |
| WELCH, individually, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND OPINION ORDER

Michael Klean has sued the Board of Education of Proviso Township School District No. 209 ("School Board"), Proviso Township School District No. 209 ("School District") and Emmanuel Welch, the President of the School Board, for civil rights violations pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.,* and 42 U.S.C. §§ 1981, 1983 ("sections 1981 and 1983"). Before the Court is defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). For the reasons set forth below, the Court grants in part and denies in part the motion.

## Facts

Klean is a white male who worked as a security officer for the School District from 1990 until 1995 and later as a security manager from 1999 until November 30, 2007. (Am. Compl. ¶ 7.) He alleges that he is the only white security manager and security employee in the School

District's security department. (*Id.* ¶ 11.) Klean applied for the position of Director of Security in October 2006, but he was denied the position that was filled by a less experienced and less qualified black male. (*Id.* ¶ 8.) In November 2007, Klean was demoted from a twelve-month, full-time security manager position to a ten-month officer shift position. (*Id.* ¶ 9.) Klean was replaced by a less qualified black male that had less seniority, and other less qualified black security managers were not demoted. (*Id.* ¶¶ 13-14.) On December 4, 2007, in response to the demotion, Klean filed an administrative complaint of race discrimination at the Illinois Department of Human Rights and the Equal Employment Opportunity Commission ("EEOC"). (*Id.* ¶ 10.)

In 2002, and later in 2005, Welch told Klean that his job would be protected if he handed out political literature, posted signs and collected names on petitions for certain school board candidates supported by Welch. (*Id.* ¶¶ 21-22.) Welch also asked Klean to perform other political work for his campaign for school board and state representative. (*Id.*) In 2006, Welch and Klean's supervisor asked Klean to participate in school board election activities for candidates they supported and told him that plaintiff's job depended on his participation. (*Id.* ¶ 23.) Klean complained about the work and refused to perform the political activities requested. (*Id.* ¶ 24.)

In November 2007, Welch, the School District, and the School Board demoted Klean as described above. (*Id.* ¶¶ 25-28.) Klean claims that the demotion not only was racially discriminatory, but it also violated his right to free speech and exercise of political views protected under the First and Fourteenth Amendments. (*Id.* ¶ 31.)

Klean alleges that the School Board and School District had a practice, custom and policy of interfering with individuals' employment depending on whether he or she performed political

work for, or supported, certain candidates. (*Id.* ¶ 36.) Klean also alleges that defendants have a custom of discriminating against employees based on race. (*Id.* ¶ 37.)

**Discussion**

A complaint should not be dismissed under a Rule 12(b)(6) motion unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 546 (2007). When reviewing the claims, the court should accept as true all well-pleaded allegations and all reasonable inferences that may be drawn from them. *Mid Am. Title Co. v. Kirk*, 991 F.2d 417, 419 (7th Cir. 1993). The complaint only needs to state a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, the allegations in the complaint must give the defendant fair notice of the claim and the "grounds upon which it rests," as well as suggest a right to relief beyond speculation. *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776-77 (7th Cir. 2007) (quotation omitted).

I. **Title VII Claims**

A. *Race Discrimination Claim Against Defendant Emmanuel Welch*

Defendants move to dismiss the Title VII race discrimination claim against Welch and argue that such a claim cannot be brought against a supervisor. (Defs.' Mem. Supp. Mot. Dismiss 4.) However, in response to the motion to dismiss, Klean clarifies that his racial discrimination claim under Title VII is against the School Board and the School District, not Welch. He thereby withdraws any Title VII race discrimination claim against Welch. (Pl.'s

3

Resp. Defs.' Mot. Dismiss 3.) The Court denies the motion to dismiss the Title VII race discrimination claim against Welch as moot.

### B. *Race Discrimination Claim Against School Board and School District*

Next, defendant asserts that the plaintiff's Title VII race discrimination claim against the School Board and the School District is time-barred because it is based in part on an incident that occurred outside of the 300-day period prior to the filing of the administrative charges with the EEOC. (Defs.' Mem. 3.) The statute of limitations is an affirmative defense generally required in a responsive pleading. Fed. R. Civ. P. 8(c); *U.S. Gypsum Co. v. Ind. Gas Co., Inc.*, 350 F.3d 623, 626 (7th Cir. 2003).

A complaint does not need to anticipate and overcome possible affirmative defenses such as the statute of limitations. *Cancer Found., Inc. v. Cerberus Capital Mgmt.*, 559 F.3d 671, 674-75 (7th Cir. 2009); *see Xechem, Inc. v. Bristol-Myers Squibb Co.,* 372 F.3d 899, 901 (7th Cir. 2004); *U.S Gypsum*, 350 F.3d at 626. Thus, it is unusual to dismiss a complaint as untimely at the pleading stage. *Cancer Found., Inc.*, 559 F.3d at 674-75; *United States v. N. Trust Co.,* 372 F.3d 886, 888 (7th Cir. 2004) ("Resolving defenses comes after the complaint stage.")

It is only when a plaintiff "pleads itself out of court," by asserting facts and admitting all the elements that establish the defense, that dismissal under Rule 12(b)(6) may be appropriate. *See United States v. Lewis,* 411 F.3d 838, 842 (7th Cir. 2005); *Xechem, Inc.*, 372 F.3d at 901. The exercise of such a dismissal is limited by the requirement that the validity of the defense is apparent and unmistakable in the complaint itself so that the suit may be "fairly describable as frivolous." *Walker v. Thompson*, 288 F.3d 1005, 1010 (7th Cir. 2002).

In this case, there are two alleged incidents of discrimination, one falling within the 300-day period and the other outside of it. Simply because one of the discriminatory acts upon which the plaintiff relies falls outside the 300-day period does not unmistakably render the claim frivolous and plead the entire discrimination action out of court. On a motion to dismiss, it would be improper to require Klean to anticipate and plead around the statute of limitations affirmative defense. Accordingly, the Court denies the motion to dismiss Klean's Title VII race discrimination claim against the School Board and the School District.

### C. *Retaliation Claim*

The defendants move to dismiss any Title VII retaliation cause of action. Defendants miscomprehend the complaint because Klean's complaint of discrimination occurred after the demotion. (Am. Compl. ¶¶ 8-19.) Klean states that "nowhere in Count I has Plaintiff alleged a claim for retaliation under Title VII against said Defendants." (Pl.'s Resp. 3.) On these grounds, the Court denies as moot the motion to dismiss any Title VII retaliation claim.

## II. 42 U.S.C. § 1981 Claim Against Welch

Defendants move to dismiss Klean's section 1981 discrimination and retaliation claims against Welch. (Defs.' Mem. 2, 5.) In response to the motion to dismiss, Klean has clarified that he does not seek to hold Welch liable for race discrimination or retaliation. (Pl.'s Resp. 3-6.) Accordingly, the Court denies defendants' motion to dismiss as moot.

### III. 42 U.S.C. § 1983 Claims Against Welch

Defendants move to dismiss the claim against Welch in his official capacity under section 1983 because it is duplicative of his claim against the Board and the District. (Defs.' Mem. 5.) In response to the motion to dismiss, Klean argues that he has not attempted to bring a section 1983 claim against Welch in his official capacity, as indicated in the caption of the Amended Complaint that states that Welch is sued "individually." (Pl.'s Resp. 6.) Accordingly, the Court denies as moot defendants' motion to dismiss the section 1983 claim against Welch in his official capacity.

Next, defendants move to dismiss Klean's section 1983 claim against Welch in his individual capacity and argue that a plaintiff cannot bring a section 1983 claim against an individual for his mere supervisory role over others. (Defs.' Mem. 5.)

To state a section 1983 claim, "[f]irst, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of that right acted under color of state . . . law." *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "Misuse of power, possessed by virtue of a state law and made possible only because the wrongdoer is clothed with the authority of state law, is action taken 'under color of' state law." *United States v. Classic,* 313 U.S. 299, 326 (1941) (quoting 42 U.S.C. § 1983).

Klean alleges that Welch, who is President of the School Board, acted under the color of state law when he demoted the plaintiff. (Am. Compl. ¶¶ 28-32.) The Board and its President are allocated all powers consistent with the law that are necessary to maintain, operate and develop the schools under their jurisdiction. 105 Ill. Comp. Stat. 5/10-20. The President oversees official acts of the School Board, presides at all meetings and performs duties imposed on him by law or by action of the board of education. *Id.* 5/10-13; *id.* 5/10-5; Proviso Twp. Dist.

No. 209 Bd. Policy § 2:110. Proviso Township School District No. 209 policy dictates that the School Board and the President have the duty of making employment decisions and dismissing personnel. Proviso Twp. Dist. No. 209 Bd. Policy § 2:20. The acts of the defendant toward Klean, committed under the authority granted to him, are related to his duty as President of the School Board.

To satisfy the second element, the plaintiff must allege that the defendant was personally involved in the deprivation of a constitutional right. *Gossmeyer v. McDonald,* 128 F.3d 481, 494 (7th Cir. 1997); *see Black v. Lane,* 22 F.3d 1395, 1401 (7th Cir. 1994). The personal involvement requirement may also be satisfied if the conduct causing the constitutional deprivation occurs at the defendant's direction or with his knowledge and consent. *Gossmeyer,* 128 F.3d at 494; *see Starzenski v. City of Elkhart*, 87 F.3d 872, 879 (7th Cir. 1996) (stating that defendant must cause or participate in the alleged constitutional deprivation).

An employment decision, such as a termination, that affects a non-policymaking employee based solely on partisan affiliation or non-affiliation states a valid claim for deprivation of constitutional rights secured by the First and Fourteenth Amendments. *See Elrod v. Burns*, 427 U.S. 347, 349-52 (1976); *see also Mitchell v. Randolph*, 215 F.3d 753, 757-58 (7th Cir. 2000) (noting that demotion of non-policymaking employees based on political affiliation or opinion is sufficient deprivation for a § 1983 claim); *Ill. State Union Council 34 v. Lewis*, 473 F.2d 561, 569-70 (7th Cir. 1972) (same with regard to termination).

In the case at hand, the plaintiff alleges that Welch, acting under the power of President of the District, denied his promotion and demoted him based on political affiliation. (Am. Compl. ¶¶ 25-27.) Klean clearly alleges that decisions regarding his employment were motivated in response to his political opinions and affiliation, and therefore were unlawful. (*Id.*

7

¶¶ 20-29.) Klean is a security officer, and there is no indication that this position includes policy-making duties. (*Id.* ¶¶ 6-7.) Moreover, Klean argues that there were no other legitimate and relevant grounds for his demotion. (*Id.* ¶ 29). The plaintiff directly alleges that Welch, as a decisionmaking official with direct knowledge of Klean's circumstances, consented to, and was personally involved in, rejecting Klean's promotion and demoting him for political purposes. (*Id.* ¶¶ 28-32.) A fair reading of the amended complaint shows that Klean has sufficiently alleged Welch's personal involvement in the deprivation of his constitutional rights under the color of state law. Accordingly, the Court denies defendants' motion to dismiss Klean's section 1983 claim against Welch in his individual capacity.

## Conclusion

For the reasons provided herein, the Court denies defendants' motion to dismiss [doc. no. 33]. The Court denies as moot the motion to dismiss as to: (1) any Title VII or section 1981 race discrimination or retaliation claim against Welch; (2) any Title VII retaliation claim against the School Board and School District; and (3) any section 1983 claim against Welch in his official capacity. The Court denies the motion to dismiss the Title VII race discrimination claims against the School Board and School District based on the statute of limitations and the section 1983 claim against Welch in his individual capacity, the School Board and the School District.

SO ORDERED                ENTERED: August 12, 2009

                                            **HON. RONALD A. GUZMAN**
                                            **United States Judge**